**BOUTIN JONES INC**.
James D. McNairy (SBN 230903)
jmcnairy@boutinjones.com
Mark A. Gorton (SBN 99312)
mgorton@boutinjones.com
Michael G. Cross (SBN 268999)
mcross@boutinjones.com
Errol C. Dauis (SBN 279313)
edauis@boutinjones.com
Andrew M. Ducart (SBN 293714)
aducart@boutinjones.com
555 Capitol Mall, Suite 1500
Sacramento, CA 95814
Telephone: (916) 321-4444
Fax: (916) 441-7597

Attorneys for Defendant
TEAM INDUSTRIAL SERVICES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL THAI, an individual, on behalf of himself and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>TEAM INDUSTRIAL SERVICES, INC., a Corporation; and Does 1 through 50 Inclusive,<br><br>　　　　　　Defendants. | Case No. 2:21-CV-3319<br><br>**DEFENDANT TEAM INDUSTRIAL SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. § 1441(b)**<br><br>*[County of Los Angeles Superior Court Case No. 19STCV21953]*<br><br>*Filed Concurrently with Civil Case Cover Sheet, Certification and Notice of Interested Parties, Corporate Disclosure Statement, Declaration of Michael G. Cross, Request for Judicial Notice, Notice of Related Cases and the Certificate of Service* |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF, AND HIS COUNSEL OF RECORD:**

　　　**PLEASE TAKE NOTICE** that Defendant, Team Industrial Services, Inc.

("Team") herby removes the above-captioned action filed by Plaintiff Michael Thai ("Plaintiff"), from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 1441(b). This Court has jurisdiction over the action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) ("CAFA").

1. Pursuant to 28 U.S.C. § 1446(a), a notice of removal must: (1) be signed pursuant to Rule 11 of the Federal Rules of Civil Procedure; (2) contain "a short and plain statement of the grounds for removal"; and (3) be accompanied by a copy of all process, pleadings, and orders served on defendant in the action. A removing defendant is not required to submit evidence in support of its jurisdictional allegations with the notice of removal. Rather, the defendant is held to the same notice pleading standard as a plaintiff. *Janis v. Health Net, Inc.,* 472 Fed. Appx. 533 (9th Cir. 2012); *Ellenburg v. Spartan Motors Chassis, Inc.,* 519 F. 3d 192, 199-200 (4th Cir. 2008) ("just as a plaintiff's complaint sufficiently establishes diversity jurisdiction if it alleges that the parties are of diverse citizenship and that the matter in controversy exceeds … the sum specified by 28 U.S.C. § 1332 … so too does a removing party's notice of removal sufficiently establish jurisdictional grounds for removal by making jurisdictional allegations in the same manner") (internal quotations omitted). This Notice of Removal is based on the following:

## I.   REMOVAL IS TIMELY

2. On June 24, 2019, Plaintiff filed his complaint against Team in the Superior Court of the State of California for the County of Los Angeles alleging a class action of all others similarly situated, Case No. 19STCV21953 (the "Complaint"). The Complaint contains causes of action for (1) Unfair Competition in Violation of Business and Professions Code §§ 17200 *et seq.*; (2) Failure to Pay Minimum Wages in Violation of California Labor Code §§ 1194, 1197, and 1197.1; (3) Failure to Pay Overtime Wages in Violation of California Labor Code §§ 510 *et seq.*; (4) Failure to Provide Required Meal Periods in Violation of California Labor

2
Defendant Team Industrial Services, Inc.'s Notice of Removal                    1155698.2

Code §§ 226.7 and 512 and the Applicable IWC Wage Order; (5) Failure to provide Required Rest Periods in Violation of California Labor Code §§ 226.7 and 512 and the Applicable IWC Wage Order; (6) Failure to Provide Accurate Itemized Statements in Violation of California Labor Code § 226; (7) Failure to Provide Wages When Due in Violation of California Labor Code §§ 201, 202, and 203; (8) Violation of the Fair Credit Reporting Act for Failure to Make Proper Disclosures in Violation of 15 U.S.C. § 1681 *et seq.*; (9) Violation of the Fair Credit Reporting Act for Failure to Obtain Proper Authorization in Violation of 15 U.S.C. § 1681 *et seq.*; and (10) Violations of the Private Attorneys General Act. Plaintiff's Complaint repeatedly alleges that the aggregated claims of the class are less than $5 million. *See, e.g.,* Compl. ¶ 4. The Complaint is silent as to the number of class members. True and correct copies of all process, pleadings, and orders served upon Team are attached as **Exhibit A**.

3. On March 17, 2021, Plaintiff served Team with his mediation brief. Plaintiff's mediation brief stated, for the first time, that the number of class members "includes 2,000 employees" and that the "Wage and Hour and FCRA claims combine to generate over $225,856,289 in exposure." Cross Decl. ¶ 2.

4. On information and belief, no other defendants have been properly joined and served in this action. On further information and belief, any other defendants, if and when properly served, will consent to this removal.

5. This Notice of Removal is timely because it was filed within 30 days of service of Plaintiff's mediation brief. 28 U.S.C. § 1446(b); *see also Reyes v. Dollar Tree Stores, Inc.*, 781 F. 3d 1185, 1189 (9th Cir. 2015); *Carvalho v. Equifax Info. Servs.*, LLC, 629 F. 3d 876, 885 (9th Cir. 2010).

## II.   VENUE IS PROPER

6. Venue lies in the United States District Court for the Central District of California, Western Division, pursuant to 28 U.S.C. §§ 1441, 1446(a), and 84(c)(2). This action was originally brought in the Superior Court of the State of California,

3
Defendant Team Industrial Services, Inc.'s Notice of Removal        1155698.2

County of Los Angeles, which is located in the Central District of California, Western Division. Therefore, venue is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

### III. JURISDICTION

7. This Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(d) and this action is one that may be removed to this Court pursuant to 28 U.S.C. § 1441(a) because this action meets the requirements of CAFA. Specifically, (1) there are at least 100 members of the proposed plaintiff class; (2) at least one member of the plaintiff class is a citizen of a State different from Team; and (3) the amount in controversy exceeds $5,000,000 exclusive of interest and costs.

**A. The Parties Are Diverse.**

**1. Citizenship of Defendant**

8. Team Industrial Services, Inc., is a corporation organized under the laws of the State of Texas. RJN, Ex. 1. The principal place of business for Team in located Sugar Land, Texas. *Id.*, Ex. 2. Therefore, pursuant to 28 U.S.C. § 1332(c)(1), Team is a citizen of Texas. *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) ("the phrase 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities").

9. The presence of doe defendants has no bearing on the diversity with respect to removal. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this Chapter, the citizenship of defendants used under a fictitious name shall be disregarded.").

**2. Identification of Plaintiff Class**

10. In the Complaint, Plaintiff defined the proposed classes as follows:

> [A]ll individuals who are or previously were employed by DEFENDANT in California and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning on the date four (4) years prior to the filing of this

Complaint and ending on the date as determined by the Court. Compl. ¶ 4.

\* \* \*

[A]ll employees or prospective employees of DEFENDANT in the United States who executed DEFENDANT's standard FCRA disclosure form (the "FCRA CLASS") at any time during the period beginning on the date five (5) years prior to the filing of this Complaint and ending on the date as determined by the Court. Compl. ¶ 6.

### 3.  Citizenship of Plaintiff Class

11.  Based on the information provided in Plaintiff's mediation brief, there are approximately 2,000 Team employees who fall under the class membership criteria alleged in Plaintiff's Complaint. Cross Decl. ¶ 2. Based on the class definitions provided, and on information and belief, Team alleges that at least one class member lives in a state other than those of which Team is a citizen (*i.e.*, Texas). In particular, Plaintiff alleges that he resides in Los Angeles County, California. Compl. ¶ 28

12.  Accordingly, removal is proper because there is a diversity of parties under 28 U.S.C. § 1332.

### B.  The Amount in Controversy Exceeds $5,000,000

13.  The Complaint does not allege a total amount in controversy. Rather, the Complaint repeatedly alleges that the aggregated claims of the class are less than $5 million. *See*, *e.g.*, Compl. ¶ 4.

14.  However, on March 17, 2021, Plaintiff disclosed in his mediation brief that he valued his claim at approximately $225 million. Cross Decl. ¶ 2. This was the first time that Team became aware with any certainty that Plaintiff sought damages in excess of $5 million. *Id.*

15.  Based on Plaintiff's disclosure in his mediation brief, Team's counsel believes in good faith that the amount in controversy in this case exceeds $5,000,000

as required by 28 U.S.C. § 1332(d)(6).

## IV. SATISFACTION OF PROCEDURAL REQUIREMENTS

16. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Team are exhibits to this Notice. Pursuant to 28 U.S.C. § 1446(d), a "Notice to Plaintiff and Clerk of the California Superior Court of Removal of Civil Action to the United States District Court" (to include a copy of this Notice of Removal and all Exhibits) will be promptly filed with the Clerk of the Superior Court of California for the County of Los Angeles, and served on all other parties to this action. Pursuant to 28 U.S.C. § 1446(b)(2)(A), all properly joined and served defendants have consented to this removal.

## V. CONCLUSION

17. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(d), and one that may be removed to this Court pursuant to 28 U.S.C. § 1441(a) because this action meets the requirements of CAFA. Accordingly, Team respectfully requests that the action now pending against it in the Superior Court of California, County of Los Angeles, be removed to this Court.

Dated: April 16, 2021                 BOUTIN JONES INC.

                                      By:   /s/ James D. McNairy
                                            JAMES D. MCNAIRY
                                            MICHAEL G. CROSS
                                            ERROL C. DAUIS

                                      Attorneys for Defendant
                                      TEAM INDUSTRIAL SERVICES, INC.